UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH J. DOOLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-10051-ADB |
| | * | |
| ASPEN TECHNOLOGY, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

June 22, 2015

BURROUGHS, D.J.

This case involves an employment dispute between Plaintiff Kenneth J. Dooley ("Dooley") and Defendant Aspen Technology, Inc. ("Aspen"), Dooley's former employer. Dooley worked at Aspen as a product marketing manager for almost five years, from June 2008 until April 5, 2013. Dooley alleges that he was unlawfully discriminated against and ultimately terminated for taking two medical leaves of absence and temporarily shifting to a part-time work schedule in connection with his treatment for throat cancer.

On October 13, 2014, Dooley filed a complaint in the Massachusetts Superior Court for Norfolk County, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.; and the Massachusetts Anti-Discrimination Statute, G.L. c. 151B, § 1, et seq. [Dkt. 1, Ex. A.] On January 8, 2014, Aspen removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. [Dkt. 1.] After discovery, Aspen moved for summary judgment on all of Dooley's claims. [Dkt. 24.] Aspen also moved to strike portions of Dooley's affidavit submitted in opposition to the summary judgment motion. [Dkt. 46.] Following careful consideration of the parties' briefs and

further argument presented at a hearing conducted on June 16, 2015, the Court concludes that there are genuine issues of material fact precluding the entry of summary judgment. Therefore, Aspen's motion for summary judgment is denied.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material" fact is one that "might affect the outcome of the suit under the governing law." Id. The moving party has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

In this case, drawing all justifiable inferences in favor of Dooley, Aspen cannot meet its burden of proving that there is no genuine issue of material fact. The parties do not agree on even the most basic facts, including whether or not Dooley was demoted in the fall of 2012, and whether he voluntarily resigned or was fired in April 2013. These facts are material because a finding that Dooley was demoted or that Aspen fired him could affect the outcome of this case. Further, the dispute as to these facts is genuine because Dooley points to admissible evidence that could lead a reasonable jury to return a verdict in his favor.

For example, the parties appear to agree that on November 13, 2012, one day after Dooley returned from his second medical leave, Aspen posted on its website an advertisement for a product marketing manager position that included responsibilities that were, at least until that time, part of Dooley's job responsibilities. The parties disagree, however, about the import

2

of this job posting, with Dooley claiming that he was demoted and Aspen disputing this. A reasonable jury could conclude from the job posting and related evidence detailed in Dooley's opposing brief that he was demoted in violation of the federal and state disability statutes alleged in the complaint. Similarly, Dooley contends that he was fired in April 2013, and that he never requested to be terminated or agreed to resign. Aspen disputes these contentions, claiming that Dooley voluntarily resigned in April 2013 after being placed on a Performance Improvement Plan ("PIP") in March 2013. Dooley, in turn, argues that the PIP set forth impossible milestones and deadlines in order to manufacture for Aspen the appearance of lawful grounds to terminate him.

These and other factual disputes are properly sorted out by a jury. In reviewing the evidence as a whole, the jury may ultimately conclude that Aspen did not unlawfully discriminate against Dooley on the basis of a disability. But Dooley is entitled to have a jury hear the evidence and resolve the factual disputes that are plainly apparent in this case. Aspen's motion for summary judgment [Dkt. 24] is therefore DENIED. In reaching its decision to deny Aspen's motion, the Court has not relied on any statements that do not comply with Rule 56(c)(4) of the Federal Rules of Civil Procedure.[1] Aspen's motion to strike [Dkt. 46] is therefore DENIED AS MOOT.

     SO ORDERED.

Dated: June 22, 2015

                                                          /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          DISTRICT JUDGE

---

[1] "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).